IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DEE JAMISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-06-48-C |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation (R&R) on March 31, 2006, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection, and the Court therefore considers the matter de novo.

As made clear in Judge Purcell's R&R, Petitioner's claim was filed well outside the one-year limitations period established by 28 U.S.C. § 2244(d)(1). Further, as Judge Purcell thoroughly explained to the extent Petitioner made post-conviction filings in the state court, none of those filings tolled expiration of the limitations period under the provisions of § 2244(d)(2). In his Objection, Petitioner argues the Court should equitably toll the limitations period due to his illiteracy.[*]

---

[*] Petitioner also notes he currently has no access to the law library. Petitioner fails to offer any evidence demonstrating his access was impaired prior to the expiration of the limitations period. Further, bare assertions denial of access to a law library are insufficient to establish a claim to

Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The Tenth Circuit has held that illiteracy is not a sufficient ground to initiate the equitable tolling doctrine. See Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir. 2004).

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 18th day of April, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge

---

equitable tolling. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).